# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FITBIT INC,<br><br>    Plaintiff,<br><br>v.<br><br>ALIPHCOM, et al.,<br><br>    Defendants. | Case No. 16-cv-00118-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL**<br><br>[Re: ECF 96] |

Plaintiff Fitbit, Inc. ("Fitbit") moves to file under seal portions its Reply Claim Construction Brief and Exhibit 5 to the Declaration of Frederick Chung in Support thereof. ECF 96. For the reasons stated below, the motion is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient

1  to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

Fitbit moves to seal portions of page 5 of its Reply Claim Construction Brief and Exhibit 5 to the Declaration of Frederick Chung in Support thereof. ECF 96 at 1; ECF 96-3 at 5. This information has been designated confidential by Defendants AliphCom d/b/a Jawbone and BodyMedia, Inc. ("Jawbone") pursuant to the protective order entered by the United States International Trade Commission ("ITC") in Investigation Number 337-TA-973. ECF 96 at 1. Fitbit has filed a declaration stating the same. ECF 96-1 ¶ 2. Jawbone, however, has not also filed a supporting declaration, even though it is the designating party. Nevertheless, the Court finds that Fitbit's motion and declaration are sufficient to show compelling reasons and good cause to seal the designated portions of page 5 of Fitbit's Reply Claim Construction Brief and Exhibit 5 to the Declaration of Frederick Chung in Support thereof. The Court also finds the sealing request to be narrowly tailored. Accordingly, the Court GRANTS Fitbit's motion to seal.

**IT IS SO ORDERED.**

Dated: January 25, 2017

_____
BETH LABSON FREEMAN
United States District Judge