# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FITBIT INC, <br>    Plaintiff, <br> v. <br> ALIPHCOM, et al., <br>    Defendants. | Case No. 16-cv-00118-BLF <br><br> **ORDER GRANTING PLAINTIFF FITBIT, INC.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On March 2, 2017, the Court granted in part and denied in part Defendants AliphCom, Inc. d/b/a Jawbone and Bodymedia, Inc.'s (collectively, "Jawbone") Motion for Judgment on the Pleadings, finding that U.S. Patent Nos. 8,909,543 ("the '543 patent") and 9,031,812 ("the '812 patent") were invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101, but that U.S. Patent No. 9,042,971 ("the '971 patent") was not invalid under those same grounds. ECF 104 ("Order"). Now before the Court is Plaintiff Fitbit Inc.'s ("Fitbit") Motion for Leave to File a Motion for Reconsideration, which seeks reconsideration of the Court's decision with respect to the '812 patent. ECF 108 ("Mot."). Despite its title, Fitbit's motion is substantively both a motion for leave to file and a motion for reconsideration itself.[1] For the reasons set forth below, Fitbit's motion for leave is GRANTED, and the Court deems Fitbit's motion submitted.

## I. LEGAL STANDARD

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show

---

[1] The Court recognizes, however, that Fitbit itself does not view its motion in this way and instead also proposes that it be permitted to file a separate motion for reconsideration. *See* ECF 108-1. Because of this, the Court, as discussed below, will allow a reply, which is normally not allowed.

reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

## II. DISCUSSION

Fitbit argues that reconsideration is appropriate based on a manifest failure to consider dispositive legal arguments. In particular, Fitbit argues that the Court failed to consider the argument that the examiner's statements in the prosecution history were "evidence regarding the eligibility of the '812 patent," which the Court was not entitled to weigh in deciding Jawbone's motion under Rule 12(c). Mot. at 1-3, ECF 108. During prosecution, the examiner, in determining that certain amendments to pending claims saved them from rejection under § 101, concluded that "displaying a notification message on a mobile device at a specified time and date where the notification message provides access to an application for interfacing with an activity monitoring device where a wireless connection exists between the mobile device and the activity monitoring device is not insignificant." ECF 74-12. He also determined that the "[a]pplicant ha[d] added unconventional steps that confine the claim to a particular useful application." *Id*. According to Fitbit, these determinations are evidence that the '812 patent is patent-eligible and, because Jawbone was not able to rebut this with contrary evidence in the pleadings, the Court was required to accept this as true. Mot. at 1-2, ECF 108.

In its Order, the Court considered the examiner's statements regarding his determination that the pending claims were patent-eligible. Order at 29-30, ECF 104. In doing so, it made the legal determination that, under Federal Circuit law regarding related determinations by the Patent and Trademark Office and a district court, it "need not defer to the examiner's conclusions on patent eligibility." *Id*. at 29. However, the Court's Order did not explicitly address the narrow

2

question of whether, even if the Court is not ultimately bound to follow an examiner's conclusions reached during the patent examination process, the posture of a Rule 12(c) motion restricts its ability to differ. For example, the Order did not specifically discuss whether the underlying substance of the determinations made by the examiner, such as that "displaying a notification message on a mobile device at a specified time and date where the notification message provides access to an application for interfacing with an activity monitoring device where a wireless connection exists between the mobile device and the activity monitoring device is not insignificant," ECF 74-12, is fact which the Court must accept as true. Although the Court is not persuaded that this rises to the level of "a manifest failure to consider . . . dispositive legal arguments," the Court finds this issue significant enough to at least exercise its own authority to *sua sponte* reconsider an interim order and allow Fitbit to move for reconsideration. For this reason, Fitbit's motion for leave to file a motion for reconsideration is GRANTED.

### III. ORDER

Fitbit's motion for leave to file a motion for reconsideration is GRANTED. Its motion for reconsideration is deemed submitted at ECF 108. Jawbone shall file a response to Fibit's motion of no more than five (5) pages by July 10, 2017. Fitbit shall file a reply of no more than five (5) pages by July 17, 2017.

**IT IS SO ORDERED.**

Dated: June 26, 2017

BETH LABSON FREEMAN
United States District Judge