**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FITBIT INC, <br>     Plaintiff, <br> v. <br> ALIPHCOM, et al., <br>     Defendants. | Case No. 16-cv-00118-BLF <br><br> **ORDER DENYING PLAINTIFF FITBIT, INC.'S MOTION FOR RECONSIDERATION** |

Plaintiff Fitbit Inc. ("Fitbit") moves for reconsideration of the Court's March 2, 2017 order, which granted in part and denied in part Defendants AliphCom, Inc. d/b/a Jawbone and Bodymedia, Inc.'s (collectively, "Jawbone") motion for judgment on the pleadings that U.S. Patent Nos. 8,909,543 ("the '543 patent"), 9,031,812 ("the '812 patent"), and 9,042,971 ("the '971 patent") were invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101. For the reasons set forth below, Fitbit's motion is DENIED.

**I.  BACKGROUND**

On March 2, 2017, the Court issued its order on Jawbone's motion for judgment on the pleadings, finding that the '543 and '812 patents were invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101, but that the '971 patent was not. ECF 104 ("Order"). In the underlying briefing, Fitbit argued that the '812 patent was not invalid in part because the examiner had made certain statements in the prosecution history that were "evidence" regarding the eligibility of the '812 patent. Underlying Opp. at 2, 18-20, ECF 81. Specifically, during prosecution, the examiner determined that certain amendments to pending claims saved them from rejection under § 101 and included the following statements in his January 26, 2015 notice of allowance:

> Applicant's amendments to claims 1, 10, 20, and 28 are sufficient to overcome the rejections under 35 U.S.C. § 101 because the limitations add "significantly more" to the claim. By itself, displaying a message may be considered insignificant extra-solution activity, however, displaying a notification message on a mobile device at a specified time and date where the notification message provides access to an application for interfacing with an activity monitoring device where a wireless connection exists between the mobile device and the activity monitoring device is not insignificant. Applicant has added unconventional steps that confine the claim to a particular useful application.

Ex. 11 to Underlying Mot. at 2, ECF 74-12.

In its Order, the Court considered the examiner's statements regarding his determination that the pending claims were patent-eligible. Order at 29-30, ECF 104. In doing so, it made the legal determination that, under Federal Circuit law regarding related determinations by the Patent and Trademark Office ("PTO") and a district court, it "need not defer to the examiner's conclusions on patent eligibility, nor underlying observations regarding the state of the art." *Id*. at 29. In light of this, it proceeded to independently determine whether the asserted claims of the '812 patent recited an inventive concept under step two of the *Alice* framework, and concluded they did not. *Id*. 25-31.

Fitbit subsequently moved for leave to file a motion for reconsideration of the Court's Order with respect to the '812 patent. ECF 108. The Court granted leave on June 26, 2017. ECF 120. Jawbone filed an opposition, ECF 123 ("Opp."), and Fitbit replied, ECF 127 ("Reply").

**II.   DISCUSSION**

Fitbit argues that the Court should reconsider its decision with respect to the '812 patent because the examiner's statements in the prosecution history were "evidence regarding the eligibility of the '812 patent," which were unrebutted by the remainder of the pleadings. Mot. at 1-3, ECF 108. Accordingly, Fitbit argues, because the Court in deciding a Rule 12(c) motion must accept factual allegations as true and construe the pleadings in the light most favorable to the nonmoving party, the Court should have found that the '812 patent was not patent-ineligible. *Id*.

In rebuttal, Jawbone argues that the Court properly exercised its authority to consider the teachings of the '812 patent and its prosecution history and make its own legal determination of patent eligibility. Opp. 1-3, ECF 123. Jawbone points out that an examiner's findings of patent-eligibility is implicit in every patent grant, and Fitbit's position would have the paradoxical result

of insulating every patent from Rule 12 validity challenges. *Id*.

The Court does not disagree with Fitbit's characterization of the procedural posture that the Court was required to adopt. When ruling on a Rule 12(c) motion, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). This is because the purpose of motions under Rule 12 is to test the legal sufficiency of the claims, not evaluate the factual evidence available to prove them. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). As such, "any weighing of the evidence is inappropriate." *Jones v. Johnson*, 781 F.2d 769, 772 n.1 (9th Cir. 1986).

However, this is precisely the posture the Court adopted. As part of the pleadings, the Court was required to accept the factual allegations in the '812 prosecution history as true and construe them in the light most favorable to Fitbit. The actual record of prosecution—i.e., the fact that the examiner initially rejected pending claims on a particular date, the fact that the applicants made a particular argument in a certain office action response, the fact that the examiner ultimately found the claims patentable—are the factual allegations that this document makes. The underlying substance of statements recorded in the prosecution history are not. Thus, in considering the '812 prosecution history for the purposes of deciding Jawbone's Rule 12(c) motion, the Court was required to accept as true (1) the fact that the examiner reached the conclusions mentioned in his January 26, 2015 notice of allowance (e.g., the fact that the examiner concluded that "displaying a notification message . . . is not insignificant"); and (2) the fact that the examiner determined that the claims were patent-eligible. The Court, however, was not required to accept the underlying substance of the examiner's statements as true (e.g., the Court was not required to accept that "displaying a notification message . . . is not insignificant"). The Court's Order adhered to this line.

Moreover, the Court disagrees with Fitbit's view of "evidence." An examiner's statements about a patent are not themselves evidence of the patent's validity. Instead, this evidence comes from the patent itself, as well as any external material against which it must be compared. For example, in the context of anticipation under § 102, whether a patent is anticipated turns on a

3

comparison of the challenged claims to the disclosures in the prior art reference. This is a separate determination that a court must make. Even if, for example, the examiner during prosecution had evaluated whether the same claims were anticipated by the same reference and made statements about why he thought the claims were distinguishable, this would not itself be evidence that the claims were not anticipated.[1] The same holds true in the context of patent eligibility under § 101: this determination turns on the patent itself and, in some cases, external information that inform the Court's consideration of the *Alice* factors.

To conclude otherwise does not make sense. An examiner is a decision maker in an administrative agency. To call his conclusions evidence is tantamount to saying that a judge's findings of fact are evidence. Further, it is hard to imagine that an examiner would come to court to testify in defense of a patent's validity, which could be the case if his statements were evidence. Finally, implicit in every patent grant is a determination that the patent satisfies the patent-eligibility requirements of § 101. The only thing that separates the '812 patent from other patents whose eligibility has been challenged under § 101 is that the examiner made his '812 eligibility findings explicit. Nevertheless, those findings carry no more legal weight than implicit findings, which, as several years of caselaw show, have not prevented courts from making patent-eligibility determinations under Rule 12.

In light of this, the examiner's statements in the '812 prosecution history were not "evidence" that the Court improperly weighed. Instead, the Court made the legal determination

---

[1] On this point, Fitbit's citation to *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986) is misleading. There, the Federal Circuit stated that "an examiner's decision on an original or reissue application is 'evidence the court must consider in determining whether the party asserting invalidity has met its statutory burden by clear and convincing evidence,' and that, upon reissue, the burden of proving invalidity was 'made heavier.'" *Id*. (quoting *Interconnect Planning Corp. v. Fei*l, 774 F.2d 1132, 1139, 227 USPQ 543, 548 (Fed. Cir. 1985). As the full quote and other more recent Federal Circuit cases addressing this point make clear, an examiner's decision is "evidence" in the sense that it is something courts must consider in calibrating the "clear and convincing evidence" burden, since, if an asserted ground of invalidity is something that the examiner has already considered and rejected, that burden is made heavier. *See PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed. Cir. 2008) (quoting *Am. Hoist & Derrick Co. v. Sowa & Sons*, 725 F.2d 1350, 1360 (Fed. Cir. 1984)) ("When no prior art other than that which was considered by the PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job . . . .").

that it "need not defer to the examiner's conclusions" and proceeded to decide Jawbone's Rule 12(c) motion based on the pleadings themselves. The examiner's statements also were not "unrebutted evidence" that tied the Court's hands. Accordingly, the Court concludes, upon reconsideration, that it correctly decided that the asserted claims of the '812 patent were invalid for lack of patent-eligible subject matter under § 101.

### III. CONCLUSION

For the foregoing reasons, Fitbit's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: July 24, 2017

BETH LABSON FREEMAN
United States District Judge